IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIONICIO ORTEGA-PENA, *Petitioner,* v. TODD BLANCHE, Acting Attorney General of the United States, *et al.*, *Respondents.* | §§§§§§§§§§ | SA-26-CV-02760-FB-KGS |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Petitioner Dionicio Ortega-Pena's Amended Petition for Writ of Habeas Corpus. Am. Pet., ECF No. 9. Pretrial matters in this case have been referred to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. ECF No. 3. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

The undersigned recommends that the District Court **GRANT IN PART** Ortega-Pena's Amended Petition and order Respondents to release Ortega-Pena from custody under conditions of release no more restrictive than the conditions of his previous Order of Supervision. Any relief not recommended herein should be **DENIED**.

## I. Background

Ortega-Pena filed an Amended Petition on May 12, 2026, seeking his immediate release on various grounds. Am. Pet., ECF No. 9. Respondents Todd Blanche, Todd Lyons, and Markwayne Mullin (Federal Respondents)[1] opposed. Resp., ECF No. 11. Ortega-Pena replied. Reply, ECF No. 12. The undersigned held an evidentiary hearing on June 24, 2026.

Ortega-Pena is a citizen of Mexico who last entered the United States in 2009. Am. Pet. ¶ 22. ICE arrested Ortega-Pena in 2019 and referred him for a reasonable fear interview with USCIS on May 24, 2019. ECF No. 17-1, Aguillon Decl. ¶ 5–6. USCIS served Ortega-Pena with a negative decision. *Id.* On July 1, 2019, an Immigration Judge (IJ) vacated the negative fear determination and placed Ortega-Pena into withholding-only proceedings. *Id.* ¶ 7. The IJ granted Ortega-Pena withholding of removal to Mexico under the INA on August 9, 2019. *Id.* ¶ 8.

On August 28, 2019, ICE released Ortega-Pena on an Order of Supervision (OSUP) because the Government determined there was "no significant likelihood of removal in the reasonably foreseeable future." Resp. 2.

---

[1] Respondent Bobby Thompson, Warden, South Texas Immigration Center, has not appeared in the case.

On September 10, 2019, Ortega-Pena's final order of removal and withholding of removal became administratively final. Am. Pet. ¶ 23.

Six and a half years later, on March 2, 2026, ICE detained Ortega-Pena at his regularly scheduled check-in and transferred him from Baltimore to the ICE Processing Center in Pearsall, Texas. *Id.* ¶¶ 27–28.

On April 7, 2026, and May 4, 2026, ICE asked the governments of Honduras and El Salvador to allow ICE to transfer Ortega-Pena to those countries. Aguillon Decl. ¶ 10. On April 7, 2026, and May 10, 2026, Honduras and El Salvador declined. *Id.* Ortega-Pena has remained in immigration custody ever since.

On June 24, 2026, during the hearing before the undersigned, counsel for Federal Respondents confirmed that they have no update regarding removal efforts and that they have not obtained a viable third country for removal.

## II. Legal Standard

A habeas petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." *Truong v. Bondi*, No. SA-25-CA-01947-XR, 2026 WL 475296, at *2 (W.D. Tex. Feb. 11, 2026) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner bears the burden of proving that his detention violates the Constitution, and the petitioner must "prove[] the facts necessary to establish his claim to relief by a preponderance of the evidence."

*Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976); *Walker v. Johnston,* 312 U.S. 275, 286 (1941) ("On a hearing [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence.").

## III. Analysis

Ortega-Pena argues that his continued detention following the entry of a final order of removal violates his due process rights because "there is no significant likelihood of removal in the reasonably foreseeable future." Am. Pet. ¶¶4–5 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).[2]

Federal Respondents argue that detention is lawful because it is within the presumptively reasonable six-month period articulated in *Zadvydas* and Ortega-Pena has failed to meet his burden to show there is no significant likelihood of removal in the reasonably foreseeable future. Resp. 2–3.

The undersigned recommends release under *Zadvydas* because the undersigned finds Ortega-Pena proved by a preponderance that there is no significant likelihood of removal in the reasonably foreseeable future.

---

[2] Ortega-Pena asserted claims on substantive and procedural due process grounds, as well as under the APA. At the evidentiary hearing, Ortega-Pena agreed that his other claims would be moot if the Court granted relief under *Zadvydas*. Given the undersigned's recommendation to order release under *Zadvydas*, the undersigned declines to address the other claims.

### A. The Court Has Jurisdiction to Address the *Zadvydas* Claim.

The Court has jurisdiction over Ortega-Pena's due process claim brought pursuant to *Zadvydas*. 533 U.S. at 688; *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). Venue is appropriate because Ortega-Pena is held in Pearsall, TX, within this division of the Western District of Texas.

### B. The Parties Agree the Detention is Presumptively Reasonable

The Supreme Court limited detention under the INA beyond the initial mandatory 90-day removal period contained in 8 U.S.C. § 1231(a) to a period "reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The Court held that detention for six months is "presumptively reasonable," but that continued detention beyond six months is not warranted if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. After six months have run, a detained immigrant need only "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If he does so, "the Government must respond with evidence sufficient to rebut that showing." *Id.*

Both Ortega-Pena and Respondents agreed during the evidentiary hearing that the *Zadvydas* analysis is applicable to this case. The parties also

agreed that Ortega-Pena has not been detained for more than six months since his removal order became administratively final.

That said, six months is a "presumptively"—not categorically—reasonable period of detention. *Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025), *judgment entered*, No. SA-25-CA-00890-XR, 2025 WL 3142091 (W.D. Tex. Oct. 22, 2025). *Zadvydas* held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable" and release the detainee on appropriate conditions of supervision. 533 U.S. at 699–700. Since Ortega-Pena brings this *Zadvydas* claim before the presumptively reasonable six-month period has run, he must *prove* that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* ("[Petitioner] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."); *Truong*, 2026 WL 475296, at *3.

### C. Ortega-Pena Overcomes the Presumption of Reasonableness

Based on the parties' written briefings, their arguments and concessions in the evidentiary hearing, and the record evidence, the undersigned finds that Ortega-Pena has carried his burden to prove that he is not sufficiently likely to be removed in the reasonably foreseeable future.

**1. Withholding of Removal and No Third-Country Acceptance Shows that Removal is Not Reasonably Foreseeable**

Ortega-Pena contends that removal is not reasonably foreseeable because he cannot be removed to his country of origin, Mexico, and ICE's attempts to remove him to a third country have been futile. *Id.* ¶ 55. Federal Respondents argue that Ortega-Pena failed to meet his burden to prove that his removal is unforeseeable and, alternatively, that ICE's representation that the Department of State is looking for additional third countries that will accept Mexican nationals such as Ortega-Pena is sufficient to establish that removal is sufficiently foreseeable. Resp. at 4; Aguillon Decl. ¶ 12.

When a petitioner, like Ortega-Pena in this case, cannot be removed to his country of origin, the Government must find a third country that will accept him. Ortega-Pena was granted withholding of removal to Mexico under the INA in 2019. Am. Pet. ¶ 1. Respondents concede that, during the more than six years in which the final removal order has been in place, they have failed to find a third country willing to accept Ortega-Pena. Two countries, Honduras and El Salvador, have declined to accept Ortega-Pena, and Respondents have not made any additional requests to potential third countries. Aguillon Decl. ¶ 10.

Even if ICE had made a request to another third country and that request was still pending—which is not true in this case because the

government concedes that the two requests it has made were denied and it has no pending requests—that alone would not make removal foreseeable. *See, e.g., Trejo v. Warden of ERO El Paso E. Montana,* 807 F. Supp. 3d 697, 706–07 (W.D. Tex. Oct. 24, 2025) (pending third-country requests to three separate countries, without diplomatic assurances or travel documents, were insufficient to demonstrate likelihood of removal); *Mogos v. Thompson*, No. 5:26-CV-0740-JKP, 2026 WL 475079, at *5 (W.D. Tex. Feb. 13, 2026) (without any third-country approval or travel documents, the "belief [that removal is reasonably foreseeable] remains unrealized and entirely speculative."); *Vazquez v. Bondi*, No. EP-26-CV-00577-DB, 2026 WL 752455, at *2 (W.D. Tex. Mar. 11, 2026) (removal to a third country is not significantly likely in the reasonably foreseeable future where no country has accepted or issued travel documents.).

In Ortega-Pena's case, the Government concedes that, in 2019, it previously determined that there was "no significant likelihood of removal in the reasonably foreseeable future," Resp. 2, and, nearly seven years later at the evidentiary hearing, the Government could not identify any material changes to alter that determination.

Ortega-Pena has thus proven that there is no significant likelihood of removal in the reasonably foreseeable future.

**2. Respondents Provided Insufficient Rebuttal Evidence to Show that Removal is Likely in the Foreseeable Future.**

Federal Respondents failed to offer sufficient evidence to rebut Ortega-Pena's showing that removal is not reasonably foreseeable. Respondents argued that the Department of State has been working to identify a country that will accept Mexican nationals. Aguillon Decl. ¶ 12. However, Respondents could not provide basic information concerning the diplomatic efforts to identify third countries. Respondents could not even say when the diplomatic efforts began or how long they had been in the works, two factors that would help to assess the foreseeability.

During the hearing, Respondents also argued that third-country removals have become more common in recent months. However, Respondents could not say what percentage of petitioners who are similarly situated to Ortega-Pena, that is, Mexican nationals with withholding of removal to their home country, have been successfully removed to third countries.

Respondents emphasized at the hearing that continued detention is lawful because it is still within the presumptively reasonable six-month period described in *Zadvydas*. Respondents declined the opportunity to provide any additional evidence or live testimony at the evidentiary hearing to support the conclusion that removal is likely in the foreseeable future. Instead,

Respondents relied on their briefing and accompanying declaration. However, the Respondents did concede through proffer that, as of the date of the hearing, no country has accepted Ortega-Pena, and they are not actively seeking to remove Ortega-Pena to a specific third country.

Accordingly, the undersigned finds that Ortega-Pena has met his burden. In the nearly four months of his detention and more than six years since his removal order became final, Respondents have not made any progress effectuating his removal. Ortega-Pena's continued detention violates the due process rights articulated in *Zadvydas* because removal is not significantly likely in the reasonably foreseeable future. The undersigned recommends that Ortega-Pena be released.

## IV. Order and Recommendation

For the reasons discussed above, the undersigned recommends that the Amended Petition for Writ of Habeas Corpus, ECF No. 9, be **GRANTED IN PART** and that Respondents be ordered to **RELEASE** Ortega-Pena from custody under conditions of release no more restrictive than the conditions of his previous Order of Supervision. Any relief not recommended herein should be **DENIED**. Ortega-Pena's Original Petition, ECF No. 1, should be **DENIED AS MOOT**.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

As stipulated by Ortega-Pena and Respondent during the evidentiary hearing, written objections to this report and recommendation must be filed within seven (7) days after being served with a copy of same unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140,

149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of June, 2026.

**KELLY G. STEPHENSON**
**UNITED STATES MAGISTRATE JUDGE**